UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

NOEL DIAZ,

      Plaintiff,

v.

CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES,
a Panamanian Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, NOEL DIAZ (hereinafter "Plaintiff"), sues Defendant, CARNIVAL CORPORATION (hereinafter "Defendant"), and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, NOEL DIAZ, is a citizen and resident of Miami, Florida.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves diversity of citizenship under 28 USC §1332. Alternatively, in the event this matter does not come under the Diversity Jurisdiction of the Court, then this matter is being brought under the Admiralty and Maritime Jurisdiction of the Court pursuant to 28 USC §1333. However, Plaintiff does not waive and explicitly demands a trial by Jury.

4. At all times material, Defendant, personally or through an agent:

a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
b. Was engaged in substantial and not isolated activity within this state;
c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;
d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

f. Operated vessels in the waters of this state;

g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard CARNIVAL VICTORY.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material, Defendant owned, operated, managed, maintained, and/or controlled CARNIVAL VICTORY. Further, Defendant employed the crewmembers, including the crewmember who injured Plaintiff, aboard CARNIVAL VICTORY and is vicariously liable for the negligence of its crewmembers.

8. At all times material, Defendant had exclusive custody and control of CARNIVAL VICTORY.

9. On or about September 20, 2019, Plaintiff was a passenger aboard CARNIVAL VICTORY which was in navigable waters.

10. On or about September 20, 2019, shortly after boarding the ship while in the area of guest services, Plaintiff was struck hard on the lateral side of the right ankle/foot by a motorized scooter. At the time, the passenger in the scooter was being assisted by an employee of Defendant who had her hand on the accelerator, accelerated the scooter, and caused the scooter to run into Plaintiff's right ankle/foot.

11. As a consequence, Plaintiff sustained injury to his right ankle/foot and necessitated medical care in the ship's Medical Department.

12. As a further consequence, Plaintiff has also necessitated continued medical care following his return home and continues to treat.

13. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

EDUARDO J. HERNANDEZ, LLC

## COUNT I – NEGLIGENCE

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through thirteen (13) as though fully alleged herein.

14.     At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances.  *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989).

15.     On or about September 20, 2019, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances.

16.     On or about September 20, 2019, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

a.   Failure to exercise reasonable care for Plaintiff's safety; and/or
b.   Failure to properly and non-negligently operate a motorized scooter; and/or
c.   Failure to properly undertake crowd control; and/or
d.   Failure to properly train its crewmembers in the proper and safe operation of motorized scooters; and/or
e.   Failure to properly supervise its crewmembers in the proper and safe operation of motorized scooters; and/or
f.   Failure to properly train its crewmembers in crowd control; and/or
g.   Failure to properly supervise its crewmembers in crowd control; and/or
h.   Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident suffered by Plaintiff; and/or
i.   Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by Plaintiff; and/or
j.   Failure to implement available safety and ergonomic standards designed to reduce and/or prevent the type of accident suffered by Plaintiff; and/or
k.   Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident suffered by Plaintiff.

17.     Defendant created the foregoing conditions causing Plaintiff's accident.

18.     Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them

EDUARDO J. HERNANDEZ, LLC

and corrected them.

19.     The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant.

20.     As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; has suffered physical handicap; and has incurred loss of past wages and will incur lost wages and loss of earning capacity in the future. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  Further, as the incident occurred shortly after boarding, Plaintiff lost the value of his cruise.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant, interest as permitted by law, and demands a trial by Jury.


DATE:  July 3, 2020

Respectfully submitted,

**EDUARDO J. HERNANDEZ, LLC**
*Attorneys for Plaintiff*
10691 N. Kendall Drive – Suite 109
Miami, Florida 33176
Telephone: (305) 567-0910
Facsimile: (786) 454-8905

By:     */s/ Eduardo J. Hernandez*
EDUARDO J. HERNANDEZ
Florida Bar No. 061451
ehernandez@ejh-law.com