## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-22755-Civ-TORRES

NOEL DIAZ,

      Plaintiff,

v.

CARNIVAL CORPORATION,

      Defendant.

_____/

### ORDER ON PLAINTIFF'S MOTION TO STRIKE AN EXPERT WITNESS

This matter is before the Court on Noel Diaz's ("Plaintiff") motion to strike David Keyes ("Dr. Keyes") as an expert witness. [D.E. 35]. Carnival Corporation ("Defendant" or "Carnival") responded to the motion on March 8, 2021 [D.E. 41] to which Plaintiff replied on March 15, 2021. [D.E. 43]. Therefore, the motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authorities, and for the reasons discussed below, Plaintiff's motion to strike Dr. Keyes is **GRANTED in part** and **DENIED in part**.

### I.    ANALYSIS

This is a maritime personal injury case, where Plaintiff alleges that, after he boarded Defendant's vessel, a Carnival employee negligently struck him with a motorized scooter on his right ankle/foot. [D.E. 1]. On December 7, 2020, the Court entered a Scheduling Order and imposed a deadline to disclose experts for February 4, 2021. [D.E. 23]. On the afternoon of February 4, 2021, Plaintiff claims that

1

Defendant requested, for the first time, his availability to attend a Rule 35 examination.  Plaintiff also says that, later that same day, Defendant disclosed Dr. Keyes as an expert witness but failed to serve that disclosure with an expert report or provide any clarity as to whether Carnival intended to use him for rebuttal purposes.  The next day, Plaintiff requested Dr. Keyes' expert report and the lawyers for both parties conferred without reaching a resolution.  Because Defendant failed to serve an expert report within the time provided under the Court's Scheduling Order and there is no support for using Dr. Keyes as a rebuttal expert, Plaintiff seeks to strike him as an expert witness.

Carnival's response is that it complied with the Scheduling Order when it disclosed Dr. Keyes as an expert witness on February 4, 2021.  The only reason Carnival says that an expert report was omitted with that disclosure was because Dr. Keyes had not yet conducted a compulsory medical examination.  However, after Plaintiff appeared for that examination on February 22, 2021, Carnival produced a rebuttal report for Dr. Keyes on March 8, 2021.[1]  So, although Plaintiff alleges that Carnival prejudiced him with the service of an untimely expert report and only four weeks until the close of the discovery period, Carnival finds that contention to be unavailing because the discovery period did not expire until March 22, 2021.  And to the extent Plaintiff cannot depose Dr. Keyes or serve any other discovery before the time to do so expires, Carnival is amenable to reaching an

---

[1]     The Scheduling Order required both parties to exchange rebuttal reports on March 8, 2021.  [D.E. 23].

agreement to continue discovery after the deadline so that Plaintiff does not suffer any prejudice.[2]

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). This disclosure must include "a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The report must also contain the following information: a complete statement of all the opinions the expert plans to express and the basis for them, the data considered by the expert in forming the opinions, any exhibits intended to be used in summarizing or supporting the opinions, the experts' qualifications including a list of all authored publications in the previous ten years, a list of all the other cases in which the witness testified as an expert during the previous four years, and a statement of the compensation the expert is to receive for the study and testimony in the case. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). These disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise . . . compliance with the requirements of Rule 26 is not merely aspirational." *Cooper v. Southern Co.,* 390 F.3d 695, 728

---

[2]   Carnival states that, while it intended to use Dr. Keyes solely as a general expert, it also intends to use him as a rebuttal expert.

(11th Cir. 2004) (internal citation omitted), *overruled on other grounds, Ash v. Tyson Foods, Inc.,* 546 U.S. 454 (2006).

To this end, Rule 37(c)(1) provides a self-executing sanction for untimely expert reports. Rule 37(c)(1) states, in relevant part, that [i]f a party fails to provide the information required by Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (per curiam) (quotation omitted). "In addition to or instead of [exclusion], the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure [to disclose]; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions." Fed. R. Civ. P. 37(c).

Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Ellison v. Windt,* 2001 WL 118617, at *2 (M.D. Fla. Jan. 24, 2001) (quotation and citation omitted). A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure. *See Home Design Servs. Inc. v. Hibiscus Homes of Fla., Inc.,* 2005 WL 2465020 (M.D. Fla. Oct. 6, 2005). The party failing to comply

4

with Rule 26(a) bears the burden of establishing that its non-disclosure was either substantially justified or harmless. *See Surety Assocs., Inc. v. Fireman's Fund Ins. Co.,* 2003 WL 25669165 (M.D. Fla. Jan. 7, 2003).

Here, Plaintiff's motion is well taken, in many respects, because Defendant failed to provide any explanation as to why it waited until February 4, 2021 to make a request for Plaintiff to appear for a medical examination. It also appears that Dr. Keyes' rebuttal report is not an actual "rebuttal" to Plaintiff's experts. A rebuttal expert is an individual that offers evidence that is "intended solely to contradict or rebut evidence on the *same subject matter* identified by" the affirmative expert of another party. *Burger King Corp. v. Berry*, 2019 WL 571483, at *2 (S.D. Fla. Jan. 8, 2019) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added). A rebuttal expert satisfies that standard as long as the information provided repels the affirmative expert testimony of the other party. *See Papasan v. Dometic Corp.*, 2019 WL 7376716, at *3 (S.D. Fla. Apr. 10, 2019). That is not the case here because there are several instances where Dr. Keyes' expert report makes opinions that are nowhere to be found in Plaintiff's expert reports. And that casts substantial doubt that Dr. Keyes is a rebuttal expert. Instead, it appears that Defendant designated Dr. Keyes as a rebuttal expert solely because Carnival missed the deadline to produce his report on February 4, 2021. That means Defendant's service of Dr. Keyes' expert report is approximately 32 days late.

The only question remaining is what remedy is appropriate for Defendant's failure. Plaintiff requests that the Court strike Dr. Keyes because Defendant has

prejudiced Plaintiff with an opportunity to serve a rebuttal report to Dr. Keyes. Plaintiff's report would have been due on March 8, 2021, but he could not comply with that deadline because that was the same date that Defendant produced Dr. Keyes' report.   While Plaintiff's argument would generally be persuasive in some cases, the procedural posture here cautions against that approach.   The deadline to file all pre-trial motions, except for motions *in limine*, is not until April 26, 2021 and the trial date is more than 3 months away.   That means there is ample time to cure any prejudice that Plaintiff has suffered for Defendant's failure to comply with the Court's Scheduling Order.

This is not a case where trial is imminent nor is this a situation where a party was so late in making a disclosure that the prejudice cannot be cured in a timely fashion.  *See Avramides v. Liberty Mut. Fire Ins. Co.*, 2014 WL 202662, at *4 (M.D. Fla. Jan. 17, 2014) (finding that a defendant's untimely disclosure was harmless as a rebuttal expert because the "disclosure of [the expert] as a rebuttal witness was only one day late, due to inadvertence, and his expert report, although late, was provided approximately six months before trial."); *see also Ferguson v. Bombardier Servs. Corp.,* 244 F. App'x 944, 950 (11th Cir. 2007) (finding that a district court's decision to permit an expert report submitted after the deadline, but approximately eight months before the start of trial, was not an abuse of discretion). Accordingly, Plaintiff's motion is **DENIED** as to the request to strike Dr. Keyes but **GRANTED** to the extent that Plaintiff requests additional time to serve a rebuttal

expert report.  Plaintiff shall have twenty-one (21) days from the date of this order to serve a rebuttal expert report and to take any discovery in support of that effort.

## II.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's motion to strike is **GRANTED in part** and **DENIED in part**:

A.    Plaintiff's motion to strike Dr. Keyes is **DENIED**.

B.    Plaintiff's motion for additional time to serve a rebuttal expert report is **GRANTED**.  Plaintiff shall have twenty-one (21) days from the date of this order to serve a rebuttal expert report and to take any discovery in support of that effort.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of April, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge